# BakerHostetler

**Baker&Hostetler** LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jacqlyn R. Rovine
direct dial: 212.847.2862
jrovine@bakerlaw.com

October 18, 2019

**VIA ECF**

Honorable Nelson S. Román, U.S.D.J.
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:    *McVetty v. TomTom North America, LLC, Case No. 7:19-CV-4908 (NLR) (LSM)*

Dear Judge Román:

We represent TomTom North America, Inc. ("TTNA"), the defendant in this action. We write pursuant to Rule 3.A.ii. of Your Honor's Individual Practices to request authorization to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 1.)

The Complaint alleges that Plaintiff Francis McVetty ("McVetty") owns a personal navigation device ("Device") that TTNA marketed and sold.[2] (Compl. ¶¶ 1, 47.) McVetty claims that his Device included "Lifetime Maps," which is a service included with some devices that allows users to download updated maps for as long as the device is supported. (*Id.* ¶¶ 15, 23.) McVetty alleges that TTNA announced in January 2018 that it was terminating Lifetime Maps for his Device, and this caused him harm. (*Id.* ¶¶ 14, 47.) However, the very announcement upon which McVetty relies, and quotes in full in the Complaint, stated clearly that, while certain older units would no longer be able to obtain map updates, map updates are still available for all devices sold with Lifetime Maps. (*Id.* ¶ 14.) McVetty does not allege that he tried and failed to download an updated map or otherwise was denied support for his Device. Thus, on the face of the Complaint, McVetty admits that he has no cause of action because his Device can still be updated through Lifetime Maps.

Nonetheless, McVetty alleges violations of New York's General Business Law ("GBL") §§ 349 and 350; California's Consumer Legal Remedies Act §§ 1750-1785 ("CLRA"); California's Unfair Competition Law §§ 17200-17209 ("UCL"); and California's False-Advertising Law §§ 17500-17509 ("FAL"); negligent misrepresentation; fraud; breach of express and implied warranties; and unjust enrichment. TTNA seeks to dismiss McVetty's Complaint for failure to state a claim upon which relief can be granted. His claims lack any sort of "facial plausibility" and should

---

[1] We understand that filing this letter "will stay the deadline for the requesting party to move or answer" the Complaint. *See* Rule 3.A.ii.
[2] Contrary to the Complaint's allegations, TTNA is not the correct TomTom affiliate. TTNA does not manufacture, distribute, market, label, or sell personal navigation devices.

Honorable Nelson S. Román, U.S.D.J.
October 18, 2019
Page 2

be dismissed at the pleading stage. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740 (2d Cir. 2013) (noting that it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer").

## I.       "Lifetime Maps" is not an Unlawful Act or Practice Under GBL §§ 349 and 350 or the CLRA, UCL, and FAL as a Matter of Law.

McVetty must prove under New York's GBL §§ 349 and 350 and California's CLRA, UCL, and FAL that an act or practice is likely to mislead a reasonable consumer acting reasonably under the circumstances.[3] *Fink*, 714 F.3d at 741; *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157 (NSR), 2017 WL 4045952, at *9 (S.D.N.Y. Sept. 11, 2017) (finding package label not materially misleading where, among other factors, "the label on the front of the package is accurately described").

McVetty's sole factual support for the misleading nature of "Lifetime Maps" is TomTom's January 2018 announcement regarding discontinuing service for some devices that explicitly stated, in capital and bold letters, that "**DEVICES WITH LIFETIME MAPS ARE NOT AFFECTED**." (Compl. ¶ 14.) McVetty's Complaint must be dismissed because no reasonable consumer acting reasonably under the circumstances could interpret the claim of Lifetime Maps as false, misleading, or deceptive because TomTom continues to support Lifetime Maps and is clear about that fact. McVetty has alleged no factual support to the contrary.[4] Moreover, McVetty fails to plead these statutory claims, as well as negligent misrepresentation and fraud, with the requisite factual detail required to maintain these causes of action, as he has not alleged, among other things, which Device he bought or where or when he bought it.

## II.      The Elements of Negligent Misrepresentation, Fraud, Express and Implied Warranty, and Unjust Enrichment are Not Plead or Supported with Factual Allegations.

At the outset, McVetty is the only named plaintiff identified to a state, New York. (Compl. ¶ 43.) Despite his class-wide allegations referencing the laws of forty-four states, the Court may "look only to New York statutes and case law for purposes of evaluating the state-law claims alleged [in the] Complaint."[5] Under New York law, McVetty's common law causes of action must be dismissed:

- Applicable to all of McVetty's New York common law claims, he cannot allege the essential element of a misrepresentation or defect because, as the Complaint admits, devices with Lifetime Maps, including McVetty's Device, continue to have access to

---

[3] *See also Freeman v. Time, Inc.*, 68 F.3d, 285, 289 (9th Cir. 1995) (applying ordinary, reasonable person standard to whether consumers would likely be deceived).

[4] *See Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 358 (E.D.N.Y. 2014) (dismissing GBL §§ 349 and 350 claims where plaintiff "points to nothing . . . that could discredit" product statements).

[5] *See Izquierdo v. Mondelez Intl.*, No. 16-CV-4697, 2016 WL 6459832, at *3 (S.D.N.Y. 2016) (refusing to evaluate regulatory laws or state laws for fifty states invoked in complaint where the only named plaintiff resided in New York).

Honorable Nelson S. Román, U.S.D.J.
October 18, 2019
Page 3

updated maps.[6] (Compl. ¶ 14.)

- McVetty's claim of negligent misrepresentation must be dismissed because this cause of action requires a special relationship of trust between the parties and is not applicable to an arm's length commercial transaction.[7]

- McVetty's fraud claim must be dismissed because he has not alleged justifiable reliance where he has failed to identify the particular dates he observed "Lifetime Maps" or what specific packaging he encountered.[8]

- McVetty's breach of express warranty claim must be dismissed because he has failed to allege a breach (and cannot because his Device still has access to Lifetime Maps), and he has not alleged notice to the seller of any alleged breach.[9]

- McVetty's claim for breach of implied warranty of merchantability must be dismissed because McVetty does not allege that he purchased his device directly from TomTom (or TTNA) or suffered any personal injury, or that he gave notice to the seller of any alleged breach.[10]

- McVetty's unjust enrichment claim must be dismissed because it is duplicative of the foregoing tort and contract claims.[11]

None of these fatal flaws in McVetty's Complaint can be cured through amendment because, as accurately alleged in the Complaint, TomTom continues to support and provide updates for all Devices with Lifetime Maps, including McVetty's. (Compl. ¶¶ 14, 47.) Accordingly, TTNA seeks dismissal of McVetty's Complaint with prejudice.

Although TTNA does not believe a pre-motion conference is necessary in this circumstance and is prepared to file its motion and memorandum of law immediately, TTNA will appear at a pre-motion conference at the Court's convenience.

Respectfully submitted,

Jacqlyn R. Rovine

---

[6] See Nelson v. MillerCoors, LLC, 264 F. Supp. 3d 666, 677-78 (E.D.N.Y. 2017) (dismissing same common law claims because place of production not misrepresented).

[7] See Izquierdo, 2016 WL 6459832, at *9 (dismissing negligent misrepresentation claim in concert with "the numerous cases in this District and Circuit in which courts have held that a basic commercial transaction does not give rise to a special relationship").

[8] See Sullivan v. Aventis, Inc., No. 14-2939, 2015 WL 4879112, at *9 (S.D.N.Y. Aug. 13, 2015) (dismissing plaintiffs' fraud claim for lack of pleading when and where plaintiffs specifically observed representations regarding Clomid).

[9] See Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC, 832 F. Supp. 2d 194, 200-03 (E.D.N.Y. 2010) (dismissing breach of warranty claims where disclaimers, which are permissible and not unconscionable under the UCC, were explicit).

[10] See Reyes v. Crystal Farms Refrigerated Distribution Co., No. 18-CV-2250, 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019) (dismissing implied warranty of merchantability claim "because Plaintiff has not alleged that she purchased the product directly from Defendant").

[11] See Izquierdo, 2016 WL 6459832, at *9-10 (dismissing duplicative unjust enrichment claim regarding allegedly deceptive labeling, packaging, advertising, marketing, and sales of candy).