|  |  |
|---|---|
| **Sheehan & Associates, P.C.** | 505 Northern Boulevard, Suite 311, Great Neck, NY 11021<br>tel. 516.303.0552<br>fax 516.234.7800<br>spencer@spencersheehan.com |

October 25, 2019

District Judge Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

                        Re:   7:19-cv-04908-NSR
                                 McVetty et al v. TomTom North America, Inc.

Dear District Judge Román:

      This office represents the plaintiffs. On October 18, 2019, defendant served and filed a letter seeking a pre-motion conference pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. In accordance with your Honor's Individual Practices in Civil Cases ("Individual Rules") and Order of October 22, 2019, plaintiffs are required to serve and file a letter response by October, 25, 2019.

      **I.    Issues of Fact Preclude Disposition at Pleading Stage**

      Defendant argues that the facts in the complaint support its position that plaintiff "has no cause of action because his Device can still be updated through Lifetime Maps." ECF No. 6 at 1. This argument is a classic "half truth," that "state[s] the truth only so far as it goes, while omitting critical qualifying information." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("[W]here the party has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth"); *US ex rel. Grubea v. Rosicki, Rosicki & Assoc.*, 318 F. Supp. 3d 680, 700 (S.D.N.Y. 2018).

      Defendant's own website admissions belie its claim that "TomTom continues to support Lifetime Maps and is clear about that fact." ECF No. 6 at 3. Here, plaintiffs *could* receive "Lifetime Maps" but this was now redefined as "individual map zones."[1] According to defendant, these "map zones" were limited to the Eastern and Western sections of the United States:[2]

> WHAT ARE MAP ZONES?
>
> To simplify map downloads, particularly for devices with limited memory space, we have created map zones, sections (e.g., multiple states or countries, depending on your location) of select maps that contain the same level of detail as the full-scale maps.

---

[1] TomTom Website, FAQ, "I HAVE LIFETIME MAPS. THE LATEST MAP UPDATE I RECEIVED IS TOO BIG TO DOWNLOAD TO MY DEVICE. WHAT SHOULD I DO?."
[2] *Id.*

Defendant's "Map Zones" are contrary to the notion of a stand-alone GPS device, which consumers rely on when driving or on road-trips.  Plaintiffs were harmed because they did not purchase a device to reinstall software after driving only several thousand miles. The reason for eliminating this functionality was expressed as one of technological expediency.  ECF No. 1 at ¶ 14 citing announcement ("It has become clear that some of our older generation navigation devices do not have sufficient resources to run the newest maps and software available.").

Defendant inaccurately claims that plaintiffs' "sole factual support for the misleading nature of "Lifetime Maps" is TomTom's January 2018 announcement regarding discontinuing service for some devices that explicitly stated, in capital and bold letters, that **"DEVICES WITH LIFETIME MAPS ARE NOT AFFECTED."**  ECF No. 6.

When plaintiff McVetty purchased his TomTom XXL 540 model, that lacks an SD card slot for installation of the actual "Lifetime Maps" software, he bought the "hardware (the physical devices) and software (lifetime maps)," and "paid more" for the device than he would have absent the knowledge that defendant would unilaterally, and without redress, downgrade their Lifetime Maps by half.  ECF No. 1 at ¶ 12 ("The represented Lifetime Map and Traffic Updates are an inducement to consumers who would not have paid as much for the navigation devices in the first instance, given they might otherwise expect to require a replacement product after a few years.").

To the extent the complaint did not reference the replacement of "Lifetime Maps" with "Lifetime Map Zones," plaintiff can amend as of right to include this allegation.  However, for the purposes of judicial economy and resolving defendant's motion, the parties can stipulate to this fact which the Court can take judicial notice of.

## II.   Defendant's "Lifetime" Claims Are Misleading and in Violation of Law

The Federal Trade Commission ("FTC") has established guidelines to prevent companies from inducing consumers to purchase a product and expecting it will be serviced for the duration indicated.  16 C.F.R. § 239.4 ("'Lifetime' and similar representations.") ("If an advertisement uses "lifetime," "life," or similar representations to describe the duration of a warranty or guarantee, then the advertisement should disclose, with such clarity and prominence as will be noticed and understood by prospective purchasers, the life to which the representation refers.")

However, when plaintiffs purchased the devices advertising "Lifetime Maps," there was no disclosure which was "noticed and understood by prospective purchasers" detailing "the life to which the representation refers."  This is evident from the numerous images in the complaint.  Complaint, ¶ 7 (three packages of defendant's devices touting "Lifetime Maps" with no corresponding definition of which "life" is referred to, and whether defendant maintains the unfettered right to terminate that "life" without notice or reimbursement).

The FTC has emphasized that "lifetime," without any qualification is generally understood to mean "for as long as you own the product" or "for the life of the product."  Here, plaintiffs, including plaintiff McVetty, still owns the device, which retains some functionality, albeit significantly reduced by the inability to download more than one map zone at a time.

## III.   Plaintiff's Common Law Claims are Sufficient

Defendant's challenge to the warranty claims based on the absence of privity fails to consider that the  New York Court of Appeals "'dispensed with' the privity requirement in actions

2

'for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods.'" *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Likewise does defendant's reliance on a purported lack of pre-suit notice fail to consider the line of New York Cases that create an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

Plaintiff's fraud claims are sufficient because the complaint plainly states that "Lifetime Maps" was a fraudulent statement made by defendant.  This representation occurred when plaintiffs purchased the Products and observed the oversized font for "LIFETIME MAPS" on the front of all packaging.  It would have been impossible for plaintiffs to have purchased the Products without observing and relying on such representations.  Compare with *Sullivan v. Aventis, Inc.,* No. 14-2939, 2015 WL 4879112, at *9 (S.D.N.Y. Aug. 13, 2015) (dismissing fraud claim where the alleged misrepresentations were contained in fine print "on package inserts" which were not identified with particularity.").

## IV.    Conclusion

Defendant's request for a pre-motion conference should be denied.  Should the Court request the inclusion of additional factual matter identified in this letter be included in a first amended complaint, plaintiffs will "amend its pleading once as a matter of course" within 21 days "after service of a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1)(B); *Martinez v. LVNV Funding, LLC*, No. 14-cv-00677, 2016 WL 5719718, at *3 (E.D.N.Y. Sept. 30, 2016); *M.E.S., Inc. v. Liberty Mut. Sur. Group.*, No. 10-cv-0798, 2014 WL 46622 (E.D.N.Y. Jan. 6, 2014), *2 (noting that a plaintiff's amendment as of right in response to defendant's pre-motion letter seeking dismissal "allow[s] for the more efficient use of the Court's time and resources because the Court need only meet with the Parties once…and the need for the motion may be obviated if the amended pleading deals with Defendants' concerns.").

Plaintiffs retain the right to file a first amended complaint ("FAC") on or before Friday, November 8, 2019, 21 days after defendant's letter-motion was served.  Fed. R. Civ. P. 6(a)(1)(A) (excluding "the day of the event that triggers the period"); 6(a)(1)(C) (where the last day of the period is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); Fed. R. Civ. P. 15(a)(1)(B).  Thank you.

Respectfully submitted,

 /s/ Spencer Sheehan  
Spencer Sheehan

Certificate of Service

I certify that on October 25, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |

    /s/ Spencer Sheehan
Spencer Sheehan