**MEMORANDUM ENDORSEMENT**

<u>McVetty, et al. v. TomTom North America, Inc.</u>, 19 cv 4908 (NSR)

The Court is in possession of the attached pre-motion letter from Defendant, dated October 18, 2019 (ECF No. 6), and Plaintiffs' response letter, dated October 25, 2019 (ECF No. 10).

The Court waives the pre-motion conference requirement and grants Defendant leave to file its motion to dismiss with the following briefing schedule: moving papers shall be served **not filed** March 27, 2020; opposition papers shall be served **not filed** May 4, 2020; and reply shall be served May 19, 2020. **All motion documents shall be filed on the reply date, May 19, 2020.** The parties shall provide 2 copies of their respective motion documents to Chambers on the dates the documents are served upon their adversary.

The Clerk of the Court is respectfully requested to terminate the motion (ECF No. 6).

Dated: February 24, 2020
White Plains, NY

SO ORDERED.

_____
Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/2020

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 18, 2019

Jacqlyn R. Rovine
direct dial: 212.847.2862
jrovine@bakerlaw.com

**VIA ECF**

Honorable Nelson S. Román, U.S.D.J.
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *McVetty v. TomTom North America, LLC*, Case No. 7:19-CV-4908 (NLR) (LSM)

Dear Judge Román:

    We represent TomTom North America, Inc. ("TTNA"), the defendant in this action. We write pursuant to Rule 3.A.ii. of Your Honor's Individual Practices to request authorization to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 1.)

    The Complaint alleges that Plaintiff Francis McVetty ("McVetty") owns a personal navigation device ("Device") that TTNA marketed and sold.[2] (Compl. ¶¶ 1, 47.) McVetty claims that his Device included "Lifetime Maps," which is a service included with some devices that allows users to download updated maps for as long as the device is supported. (*Id.* ¶¶ 15, 23.) McVetty alleges that TTNA announced in January 2018 that it was terminating Lifetime Maps for his Device, and this caused him harm. (*Id.* ¶¶ 14, 47.) However, the very announcement upon which McVetty relies, and quotes in full in the Complaint, stated clearly that, while certain older units would no longer be able to obtain map updates, map updates are still available for all devices sold with Lifetime Maps. (*Id.* ¶ 14.) McVetty does not allege that he tried and failed to download an updated map or otherwise was denied support for his Device. Thus, on the face of the Complaint, McVetty admits that he has no cause of action because his Device can still be updated through Lifetime Maps.

    Nonetheless, McVetty alleges violations of New York's General Business Law ("GBL") §§ 349 and 350; California's Consumer Legal Remedies Act §§ 1750-1785 ("CLRA"); California's Unfair Competition Law §§ 17200-17209 ("UCL"); and California's False-Advertising Law §§ 17500-17509 ("FAL"); negligent misrepresentation; fraud; breach of express and implied warranties; and unjust enrichment. TTNA seeks to dismiss McVetty's Complaint for failure to state a claim upon which relief can be granted. His claims lack any sort of "facial plausibility" and should

---

[1] We understand that filing this letter "will stay the deadline for the requesting party to move or answer" the Complaint. *See* Rule 3.A.ii.
[2] Contrary to the Complaint's allegations, TTNA is not the correct TomTom affiliate. TTNA does not manufacture, distribute, market, label, or sell personal navigation devices.

Honorable Nelson S. Román, U.S.D.J.
October 18, 2019
Page 2

be dismissed at the pleading stage. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740 (2d Cir. 2013) (noting that it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer").

I.  **"Lifetime Maps" is not an Unlawful Act or Practice Under GBL §§ 349 and 350 or the CLRA, UCL, and FAL as a Matter of Law.**

McVetty must prove under New York's GBL §§ 349 and 350 and California's CLRA, UCL, and FAL that an act or practice is likely to mislead a reasonable consumer acting reasonably under the circumstances.[3] *Fink*, 714 F.3d at 741; *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157 (NSR), 2017 WL 4045952, at *9 (S.D.N.Y. Sept. 11, 2017) (finding package label not materially misleading where, among other factors, "the label on the front of the package is accurately described").

McVetty's sole factual support for the misleading nature of "Lifetime Maps" is TomTom's January 2018 announcement regarding discontinuing service for some devices that explicitly stated, in capital and bold letters, that **"DEVICES WITH LIFETIME MAPS ARE NOT AFFECTED."** (Compl. ¶ 14.) McVetty's Complaint must be dismissed because no reasonable consumer acting reasonably under the circumstances could interpret the claim of Lifetime Maps as false, misleading, or deceptive because TomTom continues to support Lifetime Maps and is clear about that fact. McVetty has alleged no factual support to the contrary.[4] Moreover, McVetty fails to plead these statutory claims, as well as negligent misrepresentation and fraud, with the requisite factual detail required to maintain these causes of action, as he has not alleged, among other things, which Device he bought or where or when he bought it.

II.  **The Elements of Negligent Misrepresentation, Fraud, Express and Implied Warranty, and Unjust Enrichment are Not Plead or Supported with Factual Allegations.**

At the outset, McVetty is the only named plaintiff identified to a state, New York. (Compl. ¶ 43.) Despite his class-wide allegations referencing the laws of forty-four states, the Court may "look only to New York statutes and case law for purposes of evaluating the state-law claims alleged [in the] Complaint."[5] Under New York law, McVetty's common law causes of action must be dismissed:

- Applicable to all of McVetty's New York common law claims, he cannot allege the essential element of a misrepresentation or defect because, as the Complaint admits, devices with Lifetime Maps, including McVetty's Device, continue to have access to

---

[3] *See also Freeman v. Time, Inc.*, 68 F.3d, 285, 289 (9th Cir. 1995) (applying ordinary, reasonable person standard to whether consumers would likely be deceived).
[4] *See Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 358 (E.D.N.Y. 2014) (dismissing GBL §§ 349 and 350 claims where plaintiff "points to nothing . . . that could discredit" product statements).
[5] *See Izquierdo v. Mondelez Intl.*, No. 16-CV-4697, 2016 WL 6459832, at *3 (S.D.N.Y. 2016) (refusing to evaluate regulatory laws or state laws for fifty states invoked in complaint where the only named plaintiff resided in New York).

Honorable Nelson S. Román, U.S.D.J.
October 18, 2019
Page 3

> updated maps.[6] (Compl. ¶ 14.)
> - McVetty's claim of negligent misrepresentation must be dismissed because this cause of action requires a special relationship of trust between the parties and is not applicable to an arm's length commercial transaction.[7]
> - McVetty's fraud claim must be dismissed because he has not alleged justifiable reliance where he has failed to identify the particular dates he observed "Lifetime Maps" or what specific packaging he encountered.[8]
> - McVetty's breach of express warranty claim must be dismissed because he has failed to allege a breach (and cannot because his Device still has access to Lifetime Maps), and he has not alleged notice to the seller of any alleged breach.[9]
> - McVetty's claim for breach of implied warranty of merchantability must be dismissed because McVetty does not allege that he purchased his device directly from TomTom (or TTNA) or suffered any personal injury, or that he gave notice to the seller of any alleged breach.[10]
> - McVetty's unjust enrichment claim must be dismissed because it is duplicative of the foregoing tort and contract claims.[11]

None of these fatal flaws in McVetty's Complaint can be cured through amendment because, as accurately alleged in the Complaint, TomTom continues to support and provide updates for all Devices with Lifetime Maps, including McVetty's. (Compl. ¶¶ 14, 47.) Accordingly, TTNA seeks dismissal of McVetty's Complaint with prejudice.

Although TTNA does not believe a pre-motion conference is necessary in this circumstance and is prepared to file its motion and memorandum of law immediately, TTNA will appear at a pre-motion conference at the Court's convenience.

Respectfully submitted,

*/s/ Jacqlyn R. Rovine*
Jacqlyn R. Rovine

---

[6] *See Nelson v. MillerCoors, LLC*, 264 F. Supp. 3d 666, 677-78 (E.D.N.Y. 2017) (dismissing same common law claims because place of production not misrepresented).
[7] *See Izquierdo*, 2016 WL 6459832, at *9 (dismissing negligent misrepresentation claim in concert with "the numerous cases in this District and Circuit in which courts have held that a basic commercial transaction does not give rise to a special relationship").
[8] *See Sullivan v. Aventis, Inc.*, No. 14-2939, 2015 WL 4879112, at *9 (S.D.N.Y. Aug. 13, 2015) (dismissing plaintiffs' fraud claim for lack of pleading when and where plaintiffs specifically observed representations regarding Clomid).
[9] *See Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 200-03 (E.D.N.Y. 2010) (dismissing breach of warranty claims where disclaimers, which are permissible and not unconscionable under the UCC, were explicit).
[10] *See Reyes v. Crystal Farms Refrigerated Distribution Co.*, No. 18-CV-2250, 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019) (dismissing implied warranty of merchantability claim "because Plaintiff has not alleged that she purchased the product directly from Defendant").
[11] *See Izquierdo*, 2016 WL 6459832, at *9-10 (dismissing duplicative unjust enrichment claim regarding allegedly deceptive labeling, packaging, advertising, marketing, and sales of candy).

**Sheehan & Associates, P.C.**

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

October 25, 2019

District Judge Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   7:19-cv-04908-NSR
      McVetty et al v. TomTom North America, Inc.

Dear District Judge Román:

This office represents the plaintiffs. On October 18, 2019, defendant served and filed a letter seeking a pre-motion conference pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. In accordance with your Honor's Individual Practices in Civil Cases ("Individual Rules") and Order of October 22, 2019, plaintiffs are required to serve and file a letter response by October, 25, 2019.

### I.   Issues of Fact Preclude Disposition at Pleading Stage

Defendant argues that the facts in the complaint support its position that plaintiff "has no cause of action because his Device can still be updated through Lifetime Maps." ECF No. 6 at 1. This argument is a classic "half truth," that "state[s] the truth only so far as it goes, while omitting critical qualifying information." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("[W]here the party has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth"); *US ex rel. Grubea v. Rosicki, Rosicki & Assoc.*, 318 F. Supp. 3d 680, 700 (S.D.N.Y. 2018).

Defendant's own website admissions belie its claim that "TomTom continues to support Lifetime Maps and is clear about that fact." ECF No. 6 at 3. Here, plaintiffs *could* receive "Lifetime Maps" but this was now redefined as "individual map zones."[1] According to defendant, these "map zones" were limited to the Eastern and Western sections of the United States:[2]

> WHAT ARE MAP ZONES?
>
> To simplify map downloads, particularly for devices with limited memory space, we have created map zones, sections (e.g., multiple states or countries, depending on your location) of select maps that contain the same level of detail as the full-scale maps.

---

[1] TomTom Website, FAQ, "I HAVE LIFETIME MAPS. THE LATEST MAP UPDATE I RECEIVED IS TOO BIG TO DOWNLOAD TO MY DEVICE. WHAT SHOULD I DO?."
[2] *Id.*

Defendant's "Map Zones" are contrary to the notion of a stand-alone GPS device, which consumers rely on when driving or on road-trips. Plaintiffs were harmed because they did not purchase a device to reinstall software after driving only several thousand miles. The reason for eliminating this functionality was expressed as one of technological expediency. ECF No. 1 at ¶ 14 citing announcement ("It has become clear that some of our older generation navigation devices do not have sufficient resources to run the newest maps and software available.").

Defendant inaccurately claims that plaintiffs' "sole factual support for the misleading nature of "Lifetime Maps" is TomTom's January 2018 announcement regarding discontinuing service for some devices that explicitly stated, in capital and bold letters, that **"DEVICES WITH LIFETIME MAPS ARE NOT AFFECTED."** ECF No. 6.

When plaintiff McVetty purchased his TomTom XXL 540 model, that lacks an SD card slot for installation of the actual "Lifetime Maps" software, he bought the "hardware (the physical devices) and software (lifetime maps)," and "paid more" for the device than he would have absent the knowledge that defendant would unilaterally, and without redress, downgrade their Lifetime Maps by half. ECF No. 1 at ¶ 12 ("The represented Lifetime Map and Traffic Updates are an inducement to consumers who would not have paid as much for the navigation devices in the first instance, given they might otherwise expect to require a replacement product after a few years.").

To the extent the complaint did not reference the replacement of "Lifetime Maps" with "Lifetime Map Zones," plaintiff can amend as of right to include this allegation. However, for the purposes of judicial economy and resolving defendant's motion, the parties can stipulate to this fact which the Court can take judicial notice of.

## II.   Defendant's "Lifetime" Claims Are Misleading and in Violation of Law

The Federal Trade Commission ("FTC") has established guidelines to prevent companies from inducing consumers to purchase a product and expecting it will be serviced for the duration indicated. 16 C.F.R. § 239.4 ("'Lifetime' and similar representations.") ("If an advertisement uses "lifetime," "life," or similar representations to describe the duration of a warranty or guarantee, then the advertisement should disclose, with such clarity and prominence as will be noticed and understood by prospective purchasers, the life to which the representation refers.")

However, when plaintiffs purchased the devices advertising "Lifetime Maps," there was no disclosure which was "noticed and understood by prospective purchasers" detailing "the life to which the representation refers." This is evident from the numerous images in the complaint. Complaint, ¶ 7 (three packages of defendant's devices touting "Lifetime Maps" with no corresponding definition of which "life" is referred to, and whether defendant maintains the unfettered right to terminate that "life" without notice or reimbursement).

The FTC has emphasized that "lifetime," without any qualification is generally understood to mean "for as long as you own the product" or "for the life of the product." Here, plaintiffs, including plaintiff McVetty, still owns the device, which retains some functionality, albeit significantly reduced by the inability to download more than one map zone at a time.

## III.   Plaintiff's Common Law Claims are Sufficient

Defendant's challenge to the warranty claims based on the absence of privity fails to consider that the New York Court of Appeals "'dispensed with' the privity requirement in actions

2

'for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods.'" *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Likewise does defendant's reliance on a purported lack of pre-suit notice fail to consider the line of New York Cases that create an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

Plaintiff's fraud claims are sufficient because the complaint plainly states that "Lifetime Maps" was a fraudulent statement made by defendant. This representation occurred when plaintiffs purchased the Products and observed the oversized font for "LIFETIME MAPS" on the front of all packaging. It would have been impossible for plaintiffs to have purchased the Products without observing and relying on such representations. Compare with *Sullivan v. Aventis, Inc.*, No. 14-2939, 2015 WL 4879112, at *9 (S.D.N.Y. Aug. 13, 2015) (dismissing fraud claim where the alleged misrepresentations were contained in fine print "on package inserts" which were not identified with particularity.").

### IV.   Conclusion

Defendant's request for a pre-motion conference should be denied. Should the Court request the inclusion of additional factual matter identified in this letter be included in a first amended complaint, plaintiffs will "amend its pleading once as a matter of course" within 21 days "after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B); *Martinez v. LVNV Funding, LLC*, No. 14-cv-00677, 2016 WL 5719718, at *3 (E.D.N.Y. Sept. 30, 2016); *M.E.S., Inc. v. Liberty Mut. Sur. Group.*, No. 10-cv-0798, 2014 WL 46622 (E.D.N.Y. Jan. 6, 2014), *2 (noting that a plaintiff's amendment as of right in response to defendant's pre-motion letter seeking dismissal "allow[s] for the more efficient use of the Court's time and resources because the Court need only meet with the Parties once…and the need for the motion may be obviated if the amended pleading deals with Defendants' concerns.").

Plaintiffs retain the right to file a first amended complaint ("FAC") on or before Friday, November 8, 2019, 21 days after defendant's letter-motion was served. Fed. R. Civ. P. 6(a)(1)(A) (excluding "the day of the event that triggers the period"); 6(a)(1)(C) (where the last day of the period is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); Fed. R. Civ. P. 15(a)(1)(B). Thank you.

Respectfully submitted,

/s/ Spencer Sheehan
Spencer Sheehan

Certificate of Service

I certify that on October 25, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan